CONFORMED COPY

Lincoln Bandlow (SBN 170449)
lbandlow@lathropgage.com
Randy Merritt (SBN 187046)
rmerritt@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Facsimile: (310) 789-4601

Attorneys for Defendants
POPULOUS HOLDINGS, INC.
and HOK GROUP, INC.

FILED
CLERK U.S. DISTRICT COURT

DEC 17 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

EXECUTIVE SECURITY MANAGEMENT, INC., a California corporation, d/b/a THE APEX GROUP and CONTEMPORARY SERVICES CORPORATION, a California corporation,

Plaintiffs,

v.

JACK DAHL, an individual, JEANETTE JOHNSON, in her individual capacity and as successor in interest to Jack Dahl, POPULOUS HOLDINGS, INC., a Delaware corporation, formerly known as HOK Sport Venue Event, HOK Group, Inc., a Delaware corporation, Juan Melendez, an individual, Yvette Rocha, an individual, and DOES 1-20, inclusive.

Defendants.

Case No. CV09-9273 CAS (RCx)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) & (c)**

**(FEDERAL QUESTION)**

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that defendant Populous Holdings, Inc. ("Populous")

3  hereby removes to this Court the state court action described below.

4       1.    On April 9, 2008 an action was commenced in the Superior Court of the

5  State of California in and for the County of Los Angeles, entitled *Executive Security*

6  *Management, Inc. et al. v. Dahl et al.*, Case No. BC388801.

7       2.    On or about October 2, 2009, Plaintiffs moved the state court for

8  permission to file a First Amended Complaint, which the Court granted.  On

9  November 11, 2009, Plaintiffs filed their First Amended Complaint which for the first

10 time added Populous as a defendant in the action.  A copy of the First Amended

11 Complaint and Summons to Populous is attached to this Notice as Exhibit A and is

12 incorporated herein by this reference.

13      3.    Defendant Populous received a copy of the First Amended Complaint and

14 Summons on or about November 13, 2009 by mail.  In accordance with California

15 Civil Procedure Code § 415.30, Populous, through its attorney, signed the Notice of

16 Acknowledgement and Receipt to acknowledge receipt of the summons on November

17 18, 2009.  Declaration of Michael Roche ¶ 3.  Service of summons was thereby

18 deemed complete effective November 18, 2009.  A copy of the signed Notice of

19 Acknowledgement and Receipt is attached hereto as Exhibit "B".

20      4.    This action is a civil action of which this Court has original jurisdiction

21 under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant

22 pursuant to the provisions of 28 U.S.C. § 1441(b) & (c) in that one of the claims

23 against Populous as well as defendants Jack Dahl, Jeanette Johnson, in her individual

24 capacity and as successor in interest to Jack Dahl, and HOK Group, Inc., arises under

25 the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Plaintiffs have also brought

26 claims against Defendants Dahl and Johnson that arise under 18 U.S.C. § 2520 and 18

27 U.S.C. § 2707.

28

5.     All other defendants who have been served with the summons and First Amended Complaint have joined in this Notice of Removal, as evidenced by the Joinders of defendants Jeanette Johnson, as an individual and as successor in interest to Jack Dahl (Jack Dahl, although listed as a defendant in the First Amended Complaint, died before that complaint was filed and served), HOK Group, Inc., Juan Melendez and Yvette Rocha filed concurrently herewith and attached hereto as Exhibits C through F.

6.     On the date set forth below, a copy of this notice is being served on Plaintiffs' attorney.  On the same date, a copy of this notice is being filed with the Clerk of the Superior Court of California, County of Los Angeles.


DATED:  December 17, 2009          LATHROP & GAGE LLP


                                   By: _____
                                          Lincoln Bandlow
                                          Randy Merritt
                                   Attorneys for Defendant POPULOUS
                                   HOLDINGS, INC.

2

**EXHIBIT A**

00/00/2009  16:10:43 FAX 213  9111        NATIONWIDE LEGAL

SUM-100

COPY

# SUMMONS On First Amended Complaint
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 12 2009

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
SHAUNYA WESLEY

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):*
JACK DAHL, an individual, JEANETTE JOHNSON, in her individual capacity and as successor in interest to Jack Dahl, POPULOUS HOLDINGS, INC., a Delaware corporation, formerly known as HOK Sport Venue Event, HOK Group, Inc., a Delaware corporation, Juan Melendez, an individual, Yvette Rocha, an individual, and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EXECUTIVE SECURITY MANAGEMENT, INC., a California corporation, d/b/a The APEX Group and CONTEMPORARY SERVICES CORPORATION, a California corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, CA 90012

BC 388801

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald L. Richman, SBN 139189
Bullivant Houser Bailey PC
601 California Street, Suite 1800, San Francisco, CA 94108    Tel: (415) 352-2700    Fax: (415) 352-2701

DATE: NOV 12 2009            Clerk, by    S. WESLEY    , Deputy
*(Fecha)*                    *(Secretario)*            *(Adjunto)*

JOHN A. CLARKE, CLERK

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

By FAX

00/00/2009  13:10:43 FAX 21  59111  NATIONWIDE LEGAL

1  Ronald L. Richman, SBN 139189
   C. Todd Norris, SBN 181337
2  Bullivant Houser Bailey PC
   601 California Street, Suite 1800
3  San Francisco, California 94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   E-Mail: ron.richman@bullivant.com
5
   Attorneys for Plaintiffs Executive Security
6  Management, Inc. d/b/a the APEX Group and
   Contemporary Services Corporation

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 10 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF LOS ANGELES

9
   EXECUTIVE SECURITY MANAGEMENT,        By FAX
10 INC., a California corporation, d/b/a The APEX
   Group and CONTEMPORARY SERVICES       Case No.: BC 388801
11 CORPORATION, a California corporation,
                                          FIRST AMENDED COMPLAINT FOR
12                 Plaintiffs,
                                          (1)   BREACH OF FIDUCIARY DUTY
13        v.
                                          (2)   CONVERSION
14 JACK DAHL, an individual, JEANETTE
   JOHNSON, in her individual capacity and as    (3)   INTENTIONAL INTERFERENCE
15 successor in interest to Jack Dahl, POPULOUS         WITH CONTRACT
   HOLDINGS, INC., a Delaware corporation,
16 formerly known as HOK Sport Venue Event,    (4)   INTENTIONAL INTERFERENCE
   HOK Group, Inc., a Delaware corporation, Juan      WITH PROSPECTIVE ECONOMIC
17 Melendez, an individual, Yvette Rocha, an          ADVANTAGE – DEFENDANT
   individual, and DOES 1-20, inclusive,              DAHL
18
                   Defendants.            (5)   INTENTIONAL INTERFERENCE
19                                               WITH PROSPECTIVE ECONOMIC
                                                 ADVANTAGE – DEFENDANT
20                                               POPULOUS

21                                        (6)   VIOLATION OF THE COMPUTER
                                                 FRAUD AND ABUSE ACT
22                                               (18 U.S.C. §1030)

23                                        (7)   INTERCEPTION OF
                                                 COMMUNICATIONS
24                                               (18 U.S.C. §2520)

25                                        (8)   UNLAWFUL ACCESS TO STORED
                                                 COMMUNICATIONS
26                                               (18 U.S.C. §2707)

27                                        (9)   UNFAIR COMPETITION,
                                                 CALIFORNIA BUSINESS &
28                                               PROFESSIONS CODE SECTION
                                                 17200 ET SEQ.

(10)  SUCCESSOR LIABILITY

(11) AIDING AND ABETTING

## INTRODUCTION AND SUMMARY OF THE COMPLAINT

1.      This litigation involves two former employees of Plaintiffs, Jack Dahl ("Dahl"), deceased, and Jeanette Johnson ("Johnson"), who are husband and wife, and who, over the course of their employment, engaged in a campaign to discredit Plaintiffs to its clients and employees, interfered with Plaintiffs' relationship with its clients and employees, stole Plaintiffs' confidential and proprietary information and property, erased Plaintiffs' data and other information from their computer systems, and illegally intercepted confidential e-mail communications, all in an attempt to enrich themselves and to secure the business of Plaintiffs' clients for their own purpose of setting up a competing business. As a result of this misconduct, Dahl and Johnson breached their fiduciary and contractual duties to Plaintiffs, interfered with Plaintiffs' existing and prospective economic relationships, and violated the Computer Fraud and Abuse Act.

## IDENTIFICATION OF THE PARTIES

2.      Plaintiff Executive Security Management, Inc. is a California corporation doing business as The APEX Group ("Apex"), with its principal place of business located at 17101 Superior Street, Northridge, California 91325.

3.      Plaintiff Contemporary Services Corporation is a California corporation with its principal place of business located at 17101 Superior Street, Northridge, California 91325.

4.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Jack Dahl ("Dahl"), deceased, at all relevant times, was a resident of Los Angeles County, California. Dahl was employed by Apex in Los Angeles County, and the substantial bulk of all of the actions that underlie this Complaint took place in Los Angeles County.

First Amended Complaint

5.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Jeanette Johnson ("Johnson") is a resident of Los Angeles County, California. Johnson was employed by a sister corporation of Apex, Contemporary Services Corporation ("CSC"), in Los Angeles County, but did work for Apex in that capacity. The substantial bulk of all of the actions that underlie this Complaint took place in Los Angeles County. Johnson and Dahl, at all relevant times, were married to each other.

6.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Jack Dahl's estate was not administered upon his death, but instead, all of his separate property and his community property passed by law to his spouse Jeanette Johnson and/or to DOES 11 through 20. As such, Jeanette Johnson and DOES 11 through 20 are the successors in interest to Jack Dahl. Accordingly, all claims alleged herein against Defendant Jack Dahl are also hereby alleged against Defendant Jeanette Johnson and DOES 11 through 20 as successors in interest to Jack Dahl.

7.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Populous Holdings, Inc. ("Populous") is a Delaware corporation, (formerly known as HOK Sport Venue) and transacting business in the State of California.

8.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that at all relevant times herein, Defendant HOK Group, Inc. was the parent company of HOK Sport Venue Event, now doing business as Populous.

9.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that at all relevant times, Juan Melendez was an individual residing in Montebello, California, a former employee of Apex.

10.      Plaintiffs are informed and believe, and on the basis of such information and belief allege, that at all relevant times, Yvette Rocha was an individual residing in Montebello, California, a former employee of CSC.

11.      The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the defendants sued herein under the fictitious names of Does 1 through 20, inclusive, are presently unknown to Plaintiffs. Plaintiffs are informed and believe,

First Amended Complaint

1   and based upon such information and belief allege, that each of the fictitiously named

2   defendants is in some manner responsible for the injuries and damages that have been and are

3   being sustained by Plaintiffs as alleged in this Complaint.  Plaintiffs will amend this Complaint

4   to allege the true names and capacities of the Doe defendants, together with such allegations as

5   may be appropriate, when their identities and exact roles in the subject transactions have been

6   ascertained. Reference herein to the "Defendants" includes Dahl, Johnson, Populous, HOK

7   Group, Inc. and the Doe Defendants.

## FACTUAL BACKGROUND

### *Dahl and Johnson's Interference with Plaintiff Apex's Clients and Employees*

10      12.    Apex provides executive security, event security, and event accreditation services

11   at concerts and sporting, events.

12      13.    CSC provides event staffing, security and crowd management for concerts and

13   sporting events.

14      14.    At all times relevant to this litigation, Damon Zumwalt ("Zumwalt") was the

15   Chairman and Chief Executive Officer of Apex and CSC.

16      15.    At all times relevant to this litigation, and until his resignation from Apex, Dahl

17   was employed by Apex, most recently as Vice President and Secretary, and was responsible for

18   the accreditation division of Apex. Dahl was also a member of Apex's Board of Directors.

19   Dahl's employment with Apex was suspended pending investigation of his wrongdoing on

20   February 4, 2008. Dahl resigned from his position on the Board of Directors and from his

21   position as an employee of Apex on February 11, 2008. After his resignation, Dahl became

22   employed with HOK Sport Venue Event now doing business as Populous.

23      16.    At all times relevant to this litigation, and until her resignation from CSC,

24   Johnson was employed by CSC, most recently as Director of Marketing and Public Relations.

25   On February 4, 2008, Johnson was suspended from her employment with CSC pending CSC's

26   investigation of her wrongdoing. Johnson resigned her position the same day. After her

27   resignation, Johnson became employed with HOK Sport Venue Event now doing business as

28   Populous.

17.    In the course of their employment, Dahl and Johnson had significant contact with clients of Apx, including, but not limited to, the Professional Golf Association ("PGA") and the National Football League ("NFL").

18.    On or about January 27, 2008, while providing credentialing services to the NFL for the Super Bowl on behalf of Plaintiff Apex, Defendants Dahl and Johnson made numerous misrepresentations to the NFL concerning Zumwalt and the ability of Plaintiff Apex to provide services to the NFL. Defendants made these representations with the express intent of interfering with Plaintiff's business relationship with the NFL in order to secure the NFL's business for themselves or for another Defendant.

19.    At approximately the same time, Zumwalt attempted to enter Plaintiff Apex's credentialing office at the Super Bowl in Phoenix, Arizona. Dahl and Johnson, and the Defendants acting in concert with them, prevented Zumwalt from so doing.

20.    After his employment with Plaintiff Apex was terminated, Plaintiff Apex requested that Dahl return information relating to the NCAA that Dahl had wrongly taken from Plaintiff. Dahl refused to do so.

21.    On or about February 22, 2008, Defendants Dahl and Johnson contacted the PGA and made numerous misrepresentations concerning Zumwalt and Plaintiff Apex, including false statements concerning Zumwalt's mental capacity, his control of his faculties, and the ability of Zumwalt and Plaintiff Apex to provide credentialing and other services to the PGA. Defendants Dahl and Johnson made these representations with the express intent of interfering with Plaintiff Apex's business relationship with the PGA in order to secure the PGA's business for themselves or for another Defendant.

22.    In approximately early February 2007, Dahl made numerous misrepresentations to an associate of Ron Burkle ("Burkle"), who, at the time, had a valuable account with Plaintiff Apex. These misrepresentations concerned Zumwalt and Apex, including false statements concerning Zumwalt's mental capacity, his control of his faculties, and the ability of Zumwalt and Apex to provide security and other services to Burkle. Dahl made these representations with the express intent of interfering with Plaintiff Apex's business relationship with Burkle and in

1  order to secure Burkle's business for himself or for another Defendant.

2       23.    Plaintiffs are informed and believe, and on that basis alleges, that Defendants

3  Dahl and Johnson have made similar communications and misrepresentations to other current

4  clients of Plaintiff Apex, including, without limitation, the Fiesta Bowl.  Defendants Dahl and

5  Johnson made these representations with the express intent of interfering with Plaintiff Apex's

6  business relationship with these clients in order to secure these clients for themselves or for

7  another Defendant.  Plaintiffs are currently investigating the full extent of Defendants'

8  interference with Plaintiff Apex's business, and reserves the right to amend its First Amended

9  Complaint to include those other client relationships with which Defendants interfered.

10      24.    Plaintiffs are informed and believe, and on that basis allege, that Defendants

11  Dahl and Johnson also managed Plaintiff Apex in a manner to benefit themselves and facilitate

12  their setting up a competing business and to interfere with client relationships. These actions

13  included ensuring that other employees of Plaintiff Apex (and its parent and affiliates) were

14  prevented from being involved in credentialing services, such that only Dahl and Johnson would

15  have sufficient knowledge to run the business. Defendants Dahl and Johnson did this with the

16  express intent of interfering with Plaintiff Apex's business relationships and preventing Plaintiff

17  Apex from fully exploiting these relationships.

18      25.    Plaintiffs are informed and believe, and on that basis allege, that Defendants

19  Dahl and Johnson also solicited other current employees of Plaintiff Apex and its related entities

20  while still employed by Plaintiffs, with the intention of setting up a competing business and

21  damaging Plaintiffs' interests in exploiting its business and contractual relationships.

22  ***Dahl and Johnson's Misappropriation and Conversion of Plaintiff Apex's Property***

23  ***and Their Deleting of Computer Files***

24      26.    While Defendants Dahl and Johnson were providing credentialing services for

25  the 2007 and 2008 Super Bowls on behalf of Plaintiff Apex, Dahl and Johnson withdrew

26  substantial sums from Plaintiff Apex's corporate account to use for their own benefit and not for

27  the benefit of Plaintiff Apex. For example, Defendants Dahl and Johnson offered to pay and did

28  pay certain employees large sums of cash, which were not authorized by Plaintiff Apex or by

Zumwalt and which were not owed to these employees.  Plaintiffs are informed and believe, and on that basis allege, that Defendants Dahl and Johnson converted a portion of this money for their own purposes.

27.    On or about the time that Defendants Dahl and Johnson were suspended from their duties at Apex and CSC and subsequently resigned their positions, Defendants Dahl and Johnson erased the files on the hard drive of the computer which was provided to Dahl by Plaintiff Apex in connection with his employment at Plaintiffs (the "Computer"). These files contained confidential and proprietary information that belonged to Plaintiffs.

28.    On or about the time that Defendants Dahl and Johnson were suspended from their duties at Apex and CSC and subsequently resigned their positions, Dahl and Johnson removed proprietary and confidential files, materials, and other documents relating to other of Plaintiff Apex's contracts and accounts.

29.    Plaintiffs are informed and believe, and based upon such information and belief allege, that at some point prior to their suspension and termination from Apex and CSC, Dahl and Johnson misappropriated a back-up computer hard drive attached to Zumwalt's computer. This hard drive was the property of Plaintiff Apex and contained confidential and proprietary information belonging to Plaintiff Apex.

### Dahl and Johnson Join Populous fka HOK Sport Venue Event

30.    One of Plaintiff Apex's competitors was HOK Sport Venue Event now doing business as Populous.  Populous is a sports architecture firm that provides event management and accreditation services at civic, entertainment and sporting events.

31.    Upon information and belief, Populous separated from its parent company, HOK Group, Inc. in 2008.  In August 2008, Populous Holdings, Inc. was incorporated and a buyout deal was finalized in December 2008.  HOK Sport Venue Event was rebranded as Populous.

32.    Dahl and Johnson, at all relevant times, were employed by HOK Sport Venue Event now doing business as Defendant Populous.  When Dahl left Apex's employ and when Johnson left CSC's employ, they immediately joined HOK Sport Venue Event now doing business as Populous, bringing Plaintiff Apex's confidential and proprietary files and materials

1    with them.

2        33.    At all relevant times, HOK Sport Venue Event now doing business as Populous

3    is and has been attempting to compete with Plaintiff Apex.  However, instead of competing

4    fairly and lawfully, Defendant Populous used Plaintiff Apex's confidential and proprietary

5    information and data that Dahl and Johnson misappropriated.

6        34.    In the course of his employment and at all relevant times herein, Dahl had

7    significant contacts with clients of Plaintiff, including the PGA and NFL and thus, was familiar

8    with the manner by which Plaintiff Apex formulated its bids and the method by which it carried

9    out its obligations under its contracts with the PGA and NFL.

10       35.    By using Plaintiff's confidential and proprietary information, including

11   confidential information about the PGA and NFL relationships, Defendant Populous procured

12   contracts with the NFL, who previously contracted with Apex and interfered with Apex's

13   business relationship with PGA, causing Apex to lose its long standing contracts with the PGA.

14       36.    Populous has knowledge of how Plaintiff Apex's confidential material was

15   obtained and has accepted, and continues to accept, the benefits of Dahl and Johnson's acts, and

16   thus further ratifies them.

17       37.    The PGA and NFL were Plaintiff Apex's most important credentialing business

18   clients and Plaintiff Apex had reasonable expectations that the PGA and NFL would remain

19   Plaintiff's clients.

20       38.    Defendant Populous has unlawfully and improperly interfered with Plaintiff

21   Apex's business relationship and/or business expectancy with the PGA and NFL.

22       39.    Populous has accepted the benefits of Dahl and Johnson's misappropriation of

23   Plaintiff Apex's confidential and proprietary material, and has used the materials to unfairly and

24   unlawfully compete with Plaintiff Apex in furtherance of Populous' operations and business

25   development.

26       40.    The misappropriated material provides Populous with a competitive advantage it

27   otherwise would not have.  Thus, it is inevitable that Populous will continue to use Plaintiff

28   Apex's confidential and proprietary material to procure other contracts on behalf of Populous.

*Dahl and Johnson's Wrongful Interception of Plaintiff's Emails*

41.     During Super Bowl 2008, Plaintiff Apex, Zumwalt, and James Service ("Service"), General Counsel for Plaintiffs, and James Granger ("Granger") became aware of Defendants Dahl and Johnson's wrongful activities.  It was decided that Granger would visit the Super Bowl site in Phoenix to interview Plaintiffs' employees regarding this wrongdoing.

42.     In anticipation of this visit, Service prepared a questionnaire (the "Questionnaire") for Granger to use when interviewing employees. Zumwalt, Granger, Service, and Robert Brockway ("Brockway"), an employee of Plaintiff Apex, exchanged drafts of the Questionnaire via e-mail. Neither the final version nor any drafts were exchanged with, sent, or given to Dahl or Johnson.

43.     However, prior to the time that Defendants Johnson and Dahl could have become aware of the Questionnaire through legitimate means, Zumwalt was informed that Dahl had confronted two of Plaintiff Apex's employees and had stated to those employees that they were "traitors" and waived a printout of the Questionnaire at them.

44.     Moreover, approximately one week later, Service spoke with Dahl. Dahl informed Service that he (Dahl) had already seen a copy of the Questionnaire.

45.     At all relevant times, Defendants Dahl and Johnson had been responsible for setting up certain Plaintiff Apex email accounts, including that of Service and Zumwalt.

46.     Plaintiffs are informed and believe, and on that basis allege, that Defendants Dahl and Johnson improperly and secretly retained, without authorization, access to Zumwalt and Service's email accounts and also installed a "filter" or similar device or program to enable them to intercept, without authorization, emails being sent to and from Zumwalt and Service's email accounts, including, but not limited to, drafts and final version of the Questionnaire exchanged between Zumwalt, Service, Granger, and others.

## FIRST CAUSE OF ACTION

(By Plaintiff Apex Against Defendant Dahl for Breach of Fiduciary Duty and Against Defendant Jeanette Johnson as successor in interest to Defendant Jack Dahl)

47.     Plaintiff Apex incorporates in this Cause of Action the allegations of Paragraphs 1 through 46, above.

48.     As Vice President and Secretary and member of Plaintiff Apex's Board of Directors, Dahl owed a fiduciary duty to Apex to act with the utmost good faith and in the best interest of Apex.

49.     During the time that Dahl owed a fiduciary obligation to Plaintiff Apex, Dahl breached his fiduciary duty by intentionally interfering with Plaintiff's ongoing business relationships. Among other things, Dahl: damaged Plaintiff's existing relationships with its clients, including inserting himself as a "crucial party" in NFL credentialing contracts; solicited Plaintiff's clients for his own benefit; and solicited Plaintiff's existing employees to go to work for Dahl in a different business. All of Dahl's actions were in an attempt to establish a rival business or to otherwise benefit himself and Johnson.

50.     Additionally, Dahl used confidential and proprietary business information that he acquired in the course of his employment with Plaintiff Apex in an attempt to establish a rival business and otherwise damage Plaintiff.

51.     Dahl also withdrew money from Plaintiff Apex's corporate account and used such funds to pay unauthorized bonuses and sums of money to employees in an attempt to gain their trust, confidence and services for his own benefit and to the detriment of Plaintiff Apex. Plaintiff Apex is informed and believes, and based on such information and belief alleges, that Dahl also converted Plaintiff Apex's money for his personal use.

52.     As a result of Dahl's breach of his fiduciary duty to Plaintiff Apex, Plaintiff has been damaged in an amount currently unknown, but believed to exceed $1,000,000.

53.     Dahl's acts were intentional, willful, and malicious. Plaintiff is thus entitled to exemplary damages.

## SECOND CAUSE OF ACTION

### (By Plaintiffs Apex and CSC Against Defendants for Conversion)

54.     Plaintiffs Apex and CSC incorporate in this Cause of Action the allegations of paragraphs 1 through 53, above.

55.     Defendants Dahl and Johnson wrongfully exercised control over Plaintiffs' property by removing Plaintiffs' documents, data, files, materials, money, back-up hard drive, and other property, and by erasing Plaintiffs' data files, programs, and systems from Plaintiffs' Computer without Plaintiffs' authorization or consent.

56.     Plaintiffs never consented to, authorized, or had knowledge of Defendants Dahl and Johnson's removal of Plaintiffs' documents, data, files, materials, money, back-up hard drive, and other property, or to Defendants' erasing of information from Plaintiffs' Computer, until after Dahl and Johnson left Apex's and CSC's employ, respectively.

57.     As a result of Defendants' wrongful exercise of control over Plaintiffs' property, Plaintiffs have been damaged in an amount yet to be determined, but believed to be in excess of $1,000,000.

58.     Defendants' acts were intentional, willful, and malicious. Plaintiffs are thus entitled to exemplary damages.

59.     Monetary damages alone would not afford adequate or complete relief to Plaintiff.

60.     To the extent that Defendants, including Populous and HOK Group, Inc. continue to possess Plaintiffs' documents, data, files, materials, monies, and other property, Plaintiffs seek injunctive relief requiring Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them, to return to Plaintiffs all documents, data, files, materials, monies, and other property that were wrongfully taken from Plaintiffs' custody, control, or possession.

## THIRD CAUSE OF ACTION

### (By Plaintiff Apex Against Defendants for Intentional Interference with Contract)

61.     Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 60, above.

62.     Plaintiff Apex had valid and existing contracts with numerous third-party clients, including, but not limited to, the PGA and the NFL.

63.     Because of their relationships with Plaintiff Apex, Defendants Dahl and Johnson

1  knew of these existing contractual relationships with third parties.  In an attempt to damage and

2  otherwise disrupt Plaintiff's business relationships, Dahl and Johnson, while employed by Apex

3  and CSC, intentionally disparaged Zumwalt and Plaintiff to these third parties and otherwise

4  interfered with Plaintiff Apex's contractual relationship with these third parties.  While

5  employed at HOK Sport Venue Event now doing business as Populous, Defendants continued to

6  interfere with Plaintiff Apex's contractual relationships with these third parties including, but

7  not limited to, the PGA and NFL.  HOK Sport Venue Event now doing business as Populous

8  also knew about Plaintiff Apex's existing contractual relationships with third parties including,

9  but not limited to, the PGA and NFL, and through Dahl and Johnson, and such misappropriated

10 documentation and information obtained by Dahl and Johnson, interfered with Plaintiff Apex's

11 contractual relationships with third parties, including, but not limited to, the PGA and NFL. In

12 particular, Dahl and Johnson, without the knowledge or consent of Plaintiff, inserted themselves

13 as crucial parties in NFL credentialing contracts.

14      64.      Moreover, by misappropriating Plaintiff Apex's and its clients' documents, data,

15 materials, and other property, and refusing to return such property, and by erasing Plaintiff

16 Apex's computer files, data, and systems, Defendants, and each of them, interfered with

17 Plaintiff Apex's ability to perform under its existing contracts.

18      65.      As a result of Defendants' intentional acts, actual interference with and

19 disruption of Plaintiff Apex's contractual relationships, Plaintiff Apex has incurred substantial

20 damage.

21      66.      Plaintiff Apex seeks damages for Defendants' wrongful acts in an amount

22 unknown at this time but believed to exceed $1,000,000.

23      67.      Defendants' acts were intentional, willful, and malicious. Plaintiff is thus entitled

24 to exemplary damages.

25      68.      Monetary damages alone would not afford adequate or complete relief to

26 Plaintiff.  Moreover, by misappropriating Plaintiff's and its clients' documents, data, materials,

27 and other property, and by erasing Plaintiff's computer files, data, and systems, Defendants

28 interfered with Plaintiff's ability to perform under its existing contracts.

69.     To the extent that Defendants continue to interfere with Plaintiff's existing contractual relationships, Plaintiff seeks an injunction: (i) prohibiting Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them, from interfering with said contractual relationships, including, but not limited, to enjoining Defendants from making false, disparaging, and/or damaging representations relating to Plaintiff (or any of its agents, affiliates, or parent) to said third parties; and (ii) requiring Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them to return to Plaintiff all documents, data, materials, and other property that Defendants wrongfully took from Plaintiff and to destroy any copies of such documents, data, materials, and other property.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Apex Against Defendant Dahl for Intentional Interference with Prospective Economic Advantage and Against Defendant Jeanette Johnson as successor in interest to Defendant Jack Dahl)**

70.     Plaintiff Apex incorporates in this Cause of Action the allegations of paragraphs 1 through 69.

71.     Dahl was aware of and responsible for entering into agreements with Plaintiff Apex's employees. Based on his relationship with Plaintiff Apex, Dahl knew of Plaintiff's relationships with employees and knew which employees were best qualified to perform certain tasks. Dahl intentionally interfered with Plaintiff Apex's relationships with its employees for the purpose of causing those employees to go to work with Dahl after he left Plaintiff's employment. Among the actions taken by Dahl was his intentional disparagement of Zumwalt and Plaintiff to Plaintiff Apex's employees.

72.     Plaintiff suffered damages as a result of Dahl's intentional and wrongful acts, including his actual interference with and disruption of Plaintiff's relationships.

73.     All of these acts were committed in breach of Dahl's fiduciary duty to Plaintiff.

74.     Plaintiff seeks damages for Dahl's wrongful acts in an amount unknown at this time but believed to exceed $1,000,000.

– 13 –

75.     Dahl's acts were intentional, willful, and malicious. Plaintiff is thus entitled to exemplary damages.

76.     Monetary damages alone would not afford adequate or complete relief to Plaintiff.

77.     To the extent that Dahl continues to interfere with Plaintiff Apex's existing contractual relationships, Plaintiff Apex seeks injunctive relief enjoining Dahl and his respective agents, attorneys, representatives, assigns, and all those acting in concert with them, from interfering with said contractual relationships, from making false, disparaging, and/or damaging representations relating to Plaintiff Apex (or any of its agents, affiliates, or parent) to said third parties.

## FIFTH CAUSE OF ACTION

**(By Plaintiff Apex Against Defendant Populous and HOK Group, Inc. for Intentional Interference with Prospective Economic Advantage)**

78.     Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 77, above.

79.     As alleged herein, Plaintiff Apex has and had valid existing business relationships and prospective business interests with, including but not limited to, the PGA and the NFL, that had probable future economic benefit or advantage for Plaintiff Apex.

80.     Defendants Populous and HOK Group, Inc. knew about Plaintiff Apex's existing business relationships and prospective expectancies with the PGA and the NFL and of Plaintiff's expectation that the contracts would be renewed or formed.

81.     Defendants Populous and HOK Group, Inc. intentionally engaged in unlawful conduct to interfere with and disrupt Plaintiff Apex's business relationships and business expectancies with the PGA and the NFL, including, upon information and belief, using Plaintiff Apex's confidential and proprietary material in its business operations.

82.     As a result of Defendants Populous and HOK Group, Inc.s' interference, Plaintiff Apex's business relationships with the PGA and the NFL have been disrupted.  Such interference was accomplished for an improper purpose and through improper means.

83.     As a direct and proximate result of Defendant Populous' unlawful conduct,

– 14 –

1  Plaintiff has suffered damages and has lost the full economic benefit and advantage reasonably

2  expected from these relationships.

3      84.    Defendants Populous and HOK Group, Inc. has caused, is causing, and continues

4  to cause substantial damage to Plaintiff in an amount unknown at this time but believed to

5  exceed $1,000,000.  Plaintiff Apex is entitled to, therefore, among other remedies, actual

6  damages for the loss in value of its confidential and proprietary information, loss of its

7  competitive advantage, and the loss of its clients and profits.

8      85.    Defendants Populous and HOK Group, Inc.s' acts were intentional, willful, and

9  malicious and were orchestrated with the intent to damage Plaintiff.  Plaintiff Apex is thus

10  entitled to exemplary damages.

11      86.    Monetary damages alone would not afford adequate or complete relief to

12  Plaintiff.

13      87.    To the extent that Populous and HOK Group, Inc. continue to interfere with

14  Plaintiff Apex's existing business relationships and prospective business economic interests,

15  Plaintiff seeks injunctive relief enjoining Populous, HOK Group, Inc. and its respective agents,

16  attorneys, representatives, assigns, and all those acting in concert with them, from interfering

17  with said business relationships, including, but not limited, to enjoining Populous and HOK

18  Group, Inc. from using or disclosing Plaintiff's confidential and proprietary information to said

19  third parties.

20                         **SIXTH CAUSE OF ACTION**

21              (By Plaintiffs Against Defendants for Violation of the
                Computer Fraud and Abuse Act (18 U.S.C. § 1030))
22

23      88.    Plaintiffs incorporate in this Cause of Action the allegations of paragraphs 1

24  through 87, above.

25      89.    Defendants Dahl and Johnson had access to the Computer, within the meaning of

26  18 USC §1030(a)(5)(A)(i), as part of their employment with or work on behalf of Plaintiffs and

27  CSC. The Computer was, at all relevant times, the property of Plaintiffs.

28      90.    Dahl was only authorized to use the Computer in connection with his work for

                              – 15 –

1  Plaintiff Apex. Johnson was only authorized to use the Computer in connection with her work

2  for Plaintiff CSC and, when necessary, Plaintiff Apex.

3       91.     Defendants Dahl and Johnson, without authorization, caused the data on the

4  Computer to be erased, including all data and information Dahl had produced over the course of

5  his employment.

6       92.     Plaintiffs are informed and believes, and on the basis of such information and

7  belief alleges, that Defendants intentionally used an erasure program to delete files from the

8  Computer in order to destroy the Computer's files, including impairing the integrity or

9  availability of data on the Computer.  It is unknown by Plaintiffs whether such erasure program

10  was downloaded from the Internet or copied from a floppy disk (or a floppy disk equivalent,

11  such as a CD) and then inserted into the Computer's disk drive.

12      93.     By utilizing an erasure program on the Computer, Defendants Dahl and Johnson

13  knowingly caused the transmission of a program, information, code, or command, and as a

14  result of such conduct, intentionally caused damage without authorization, to a protected

15  computer within the meaning of 18 USC §1030(a)(5)(A)(i).

16      94.     The data erased by Defendants Dahl and Johnson in the Computer included data

17  that Defendants knew had not been duplicated by Plaintiffs, was not otherwise available to

18  Plaintiffs and which Defendants knew Plaintiffs needed. Moreover, Dahl and Johnson knew the

19  data destroyed in the Computer included work product that was the property of Plaintiffs.

20      95.     Plaintiffs seek damages, in an amount unknown at this time, but in excess of

21  $1,000,000 for Defendants' violation of the Computer Fraud and Abuse Act.

22      96.     Monetary damages alone would not afford adequate or complete relief to

23  Plaintiff.

24      97.     To the extent that Defendants possess copies of the data that was deleted from

25  the Computer, Plaintiffs seeks injunctive relief: (i) requiring Defendant Dahl (through his

26  representative or successor), Johnson, Populous and HOK Group, Inc. to turn over any and all

27  such data that they have in their possession or control; and (ii) prohibiting Dahl, Johnson,

28  Populous and HOK Group, Inc. from using such data for any purpose.

98.    Unless restrained, Defendants will use the data taken from the Computer causing great and irreparable injury to Plaintiffs, for which damages would not afford adequate or complete relief.

## SEVENTH CAUSE OF ACTION

### (By Plaintiffs Against Defendants Dahl and Johnson for Interception of Communications (18 U.S.C. § 2520)

99.    Plaintiffs incorporate in this Cause of Action the allegations of paragraphs 1 through 98, above.

100.    Plaintiffs are informed and believe, and on that basis alleges, that Defendants Dahl and Johnson intercepted, caused to be intercepted, or induced some other person to intercept confidential electronic communications between Plaintiffs and its employees and agents, including, but not limited to, Zumwalt, Granger, and Service.

101.    Plaintiffs are informed and believe, and on that basis alleges, that Defendants Dahl and Johnson intentionally disclosed, or endeavored to disclose these intercepted electronic communications, knowing that these communications were obtained through unauthorized interception.

102.    Plaintiffs are informed and believe, and on that basis alleges, that Defendants intentionally used or endeavored to use the information contained in these electronic communications, knowing that this information was obtained through unauthorized interception of electronic communications.

103.    Defendants Dahl and Johnson were not authorized to intercept these communications, to cause them to be intercepted, or to induce some other person to intercept them.

104.    Defendants' interception, disclosure, and use of these electronic communications damaged Plaintiffs.

105.    Plaintiffs seek damages, in an amount unknown at this time, but, pursuant to 18 U.S.C. § 2520(c)(2), the greater of: (i) Plaintiffs' actual damages as a result of Defendants' wrongful interception, disclosure, and use of Plaintiffs' (and its agents' and employees')

First Amended Complaint

1   electronic communications, according to proof at trial; or (ii) $100 per day for Defendant's

2   violation of the Computer Fraud and Abuse Act, or $10,000, whichever is greater.

3        106.    Monetary damages alone would not afford adequate or complete relief to

4   Plaintiffs.

5        107.    To the extent that Defendants Dahl (through his representative or successor) and

6   Johnson continue to intercept these communications, Plaintiffs seek injunctive relief prohibiting

7   Defendants from intercepting, causing to be intercepted, or causing others to intercept these

8   communications, for any purpose.

9        108.    To the extent that Defendants Dahl (through his representative or successor) and

10   Johnson possess copies of the information and/or communications that were intercepted,

11   Plaintiffs seek injunctive relief: (i) requiring Defendants to turn over any and all such

12   information and/or communications that they have in their possession or control; and (ii)

13   prohibiting Defendants from using such information and/or communications for any purpose.

## EIGHTH CAUSE OF ACTION

**(By Plaintiffs Against Defendants Dahl and Johnson for Unlawful Access to Stored Communications (18 U.S.C. § 2707)**

17        109.    Plaintiffs incorporate in this Cause of Action the allegations of paragraphs 1

18   through 108, above.

19        110.    Plaintiffs are informed and believe, and on that basis allege, that Defendants

20   Dahl and Johnson accessed a facility through which Plaintiffs' electronic communication

21   service is provided, and thereby gained confidential electronic communications between

22   Plaintiffs and its employees and agents, including, but not limited to, Zumwalt, Granger, and

23   Service, that were at that time stored on the facility.

24        111.    Defendants Dahl and Johnson were not authorized to access the facility through

25   which Plaintiffs' electronic communications are provided.

26        112.    Defendants' accessing and subsequent use of Plaintiffs' (and its agents' and

27   employees') electronic communications damaged Plaintiffs.

28        113.    Plaintiffs seek damages, in an amount unknown at this time, but, pursuant to 18

1   U.S.C. §§ 2707(b)-(c), the greater of (i) Plaintiffs' actual damages as a result of Defendants'

2   wrongful access of electronic communications, according to proof at trial; or (ii) $10,000,

3   whichever is greater.

4       114.   Defendants' acts were intentional, willful, and malicious. Plaintiffs are thus

5   entitled to exemplary damages, pursuant to 18 U.S.C. § 2707(c).

6       115.   To the extent that Defendants continue to access the facility where Plaintiffs'

7   electronic communications are stored, Plaintiffs seeks injunctive relief prohibiting Defendants,

8   and each of them, from accessing that facility, for any purpose.

9       116.   To the extent that Defendants possess copies of the information and/or

10  communications that were accessed, Plaintiffs seek injunctive relief: (i) requiring Defendants to

11  turn over any and all such information and/or communications that they have in their possession

12  or control; and (ii) prohibiting Defendants from using such information and/or communications

13  for any purpose.

14  **NINTH CAUSE OF ACTION**

15  **(By Plaintiff Apex Against Defendants for Unfair Competition – Violation of**

16  **Cal. Bus. & Prof. Code Section 17200 et. seq.)**

17      117.   Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1

18  through 116, above.

19      118.   Defendants have engaged in a variety of conduct directed towards Plaintiff Apex

20  that constitutes unfair competition and unfair business practices under Business and Professions

21  Code § 17200, including among other tortious, unlawful and improper conduct, (a) Dahl and

22  Johnson infiltrating Plaintiff's proprietary computer files; (b) Dahl and Johnson deleting

23  Plaintiff's confidential and proprietary computer files; (c) upon information and belief, Dahl and

24  Johnson copying Plaintiff's confidential and proprietary computer files prior to deleting them;

25  (d) Dahl and Johnson misappropriating and using Plaintiff's confidential and proprietary

26  material; (e) upon information and belief, Populous and HOK Group, Inc. using and/or

27  intending to use Plaintiff's confidential and proprietary material in its business operations in

28  order to compete with Plaintiff.

119.     Defendants took the actions alleged herein with the intent to injure Plaintiff, to gain an unfair competitive advantage, and to diminish their major competitor.

120.     Defendants have profited and will, in the future, profit unjustly from their unfair business practices. Accordingly, pursuant to Business and Professions Code section 17203, Plaintiff seeks an award of restitution and disgorgement.

121.     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered damages, including without limitation, lost revenue in an amount exceeding $1,000,000 from business Defendants have obtained by use and disclosure of Plaintiff's confidential and proprietary information.

122.     Defendants' conduct presents a continuing threat to Plaintiff, and has and will continue to cause great and irreparable injury. To the extent that Defendants continue to use and/or disclose Plaintiff's confidential and proprietary information, Plaintiff seeks injunctive relief prohibiting Defendants from using and disclosing, or causing others to use or disclose this information, for any purpose.

## TENTH CAUSE OF ACTION

**(By Plaintiff Apex Against Defendant Jeanette Johnson and DOES 11 through 20, and each of them – Successor Liability (as Successors In Interest To Defendant Jack Dahl)**

123.     Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1 through 122, above.

124.     As alleged herein above, plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant Jack Dahl's estate was not administered upon his death, but instead, all of his separate property and his community property passed by law to his spouse Jeanette Johnson and/or to DOES 10 through 20, and each of them. As such, Jeanette Johnson and/or DOES 11 through 20, and each of them, are the successors in interest to Jack Dahl.

125.     Accordingly, any judgment against Jack Dahl arising out of this action with respect to any and all of the causes of action alleged in this complaint also applies as against Jeanette Johnson and DOES 11 through 20, and each of them, to the extent of the value

1  of any assets, including both real and personal property, that passed from Jack Dahl to Jeanette

2  Johnson and/or DOES 11 through 20, and each of them.

3  ## ELEVENTH CAUSE OF ACTION

4  **(By Plaintiffs Apex and CSC Against Defendants Juan Melendez and Yvette Rocha**

5  **and DOES 11-20, and each of them, for Aiding and Abetting)**

6  126.   Plaintiff incorporates in this Cause of Action the allegations of paragraphs 1

7  through 125, above.

8  127.   As described above, Dahl and Johnson, and each of them, committed breaches

9  of fiduciary duty, conversion, interfered with current contracts and prospective economic

10  advantage, as alleged above.

11  128.   Defendants Melendez and Rocha, individually and/or collectively, either acted

12  in concert or pursuant to a common design with Dahl and/or Johnson; or, knowingly gave

13  substantial aid, assistance or encouragement to Dahl and/or Johnson in the commission of those

14  unlawful, improper and tortious acts; or, gave substantial assistance to Dahl and/or Johnson,

15  while at the same time breaching duties they owed to Apex and CSC, respectively.

16  129.   As a direct, substantial, and proximate result of Defendants' unlawful, improper

17  and tortious actions, in concert or common design with Dahl and/or Johnson; or, the substantial

18  aid, assistance or encouragement they knowingly provided to Dahl and/or Johnson; or the

19  substantial assistance they provided to Dahl and/or Johnson at the same time Defendants were

20  committing their own tortious acts against Apex and CSC, respectively, Apex and CSC suffered

21  damages in the manner and in amounts to be proven at trial.

22  130   Defendants are jointly liable for damages to Apex and CSC, respectively,

23  resulting from the unlawful, improper and tortious conduct of Dahl and/or Johnson, where

24  Defendants acted in concert with or pursuant to a common design with Dahl and/or Johnson; or,

25  where Defendants knowingly provided substantial aid, assistance or encouragement to Dahl

26  and/or Johnson; or where Defendants provided substantial assistance to Dahl and/or Johnson at

27  the same time they were committing their own tortious acts against Apex and CSC, respectively.

28  WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as

follows:

PRAYER FOR RELIEF

1.     Pursuant to the First, Second, Third, Fourth, Fifth, Sixth and Ninth Causes of Action against the Defendants named therein, compensatory damages in an amount to be determined, but at least $1,000,000;

2.     Pursuant to the Seventh and Eighth Causes of Action against the Defendants named therein, compensatory and statutory damages in an amount to be determined, but at least $10,000;

3.     Pursuant to the First, Second, Third, Fourth, Fifth and Eighth Causes of Action against the Defendants named therein, for punitive and exemplary damages in an amount to be determined, but at least $1,000,000;

4.     Pursuant to the Second Cause of Action, that this Court require Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them to return to Plaintiff all documents, data, files, materials, monies, and other property that were wrongfully taken from Plaintiff's custody, control, or possession;

5.     Pursuant to the Third, Fourth and Fifth Causes of Action, that this Court issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them from interfering with Plaintiff's contractual relations, whether with its third-party clients, prospective clients, or current employees, and restraining Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them from using Plaintiff's and its clients' information for any purpose;

6.     Pursuant to the Sixth Cause of Action, that this Court issue a temporary restraining order, a preliminary injunction, and a permanent injunction restraining Defendants, and each of them, and their respective agents, attorneys, representatives, assigns, and all those acting in concert with them, from intercepting, causing to be intercepted, or causing others to

– 22 –

First Amended Complaint

1   use any data from copies of the deleted data and an injunctive order requiring Defendants to turn

2   over to Plaintiffs any data recovered that belongs to Plaintiffs, and restraining Defendants, and

3   each of them, and their respective agents, attorneys, representatives, assigns, and all those acting

4   in concert with them, from using Plaintiff's and its clients' information and data for any

5   purpose;

6       7.      Pursuant to the Seventh Cause of Action, that this Court issue a temporary

7   restraining order, a preliminary injunction, and a permanent injunction restraining Defendants,

8   and each of them, and their respective agents, attorneys, representatives, assigns, and all those

9   acting in concert with them, from accessing, causing to be accessed, or causing others to access

10  the facility where Plaintiff's electronic communications are stored, and restraining Defendants,

11  and each of them, and their respective agents, attorneys, representatives, assigns, and all those

12  acting in concert with them, from using Plaintiff's and its clients' information acquired through

13  accessing Plaintiff's electronic communications for any purpose;

14      8.      Pursuant to the Eighth Cause of Action, that this Court issue a temporary

15  restraining order, a preliminary injunction, and a permanent injunction restraining Defendants,

16  and each of them, and their respective agents, attorneys, representatives, assigns, and all those

17  acting in concert with them, from intercepting, causing to be intercepted, or causing others to

18  use any data from copies of the deleted data and an injunctive order requiring Defendants to turn

19  over to Plaintiffs any data recovered that belongs to Plaintiffs, and restraining Defendants, and

20  each of them, and their respective agents, attorneys, representatives, assigns, and all those acting

21  in concert with them, from using Plaintiff's and its clients' information and data for any

22  purpose;

23      9.      Pursuant to the Tenth Cause of Action, compensatory damages in an amount to

24  be determined, but at least $1,000,000;

25      10.     Pursuant to the Eleventh Cause of Action, compensatory damages in an amount to

26  be determined, but at least $1,000,000;

27      11.     For costs of suit herein, including, to the extent applicable, for attorneys' fees; and

28  and

1

2        12.     For such other and further relief as the Court deems just and proper.

3   DATED:  November 10, 2009

4                                       BULLIVANT HOUSER BAILEY PC

5

6                              By     _____
                                              Ronald L. Richman
7

8                                       Attorneys for Plaintiffs Executive Management,
                                        Inc. d/b/a The APEX Group and Contemporary
9                                       Services Corporation

10   12013238.1

                                        *****
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint

**EXHIBIT B**

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ronald L. Richman, SBN 139189<br>BULLIVANT HOUSER BAILEY PC<br>601 California Street, Suite 1800<br>San Francisco, CA 94108<br>TELEPHONE NO: 415-352-2700    FAX NO. *(Optional)*: 415-352-2701<br>E-MAIL ADDRESS *(Optional)*: ron.richman@bullivant.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: Executive Security Management, Inc., et al.

DEFENDANT/RESPONDENT: Jack Dahl, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 388801 |
|---|---|

TO *(insert name of party being served)*: Populous Holdings, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 13, 2008

Ronald L. Richman
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Notice of Order To Continue Status Conference

*(To be completed by recipient)*:

Date this form is signed:

Michael J Roche
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *(signature)*
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

 Shipment Receipt

## Address Information

**Ship to:**
Ronald L. Richman
Bullivant Houser Bailey PC
601 CALIFORNIA ST STE 1800

SAN FRANCISCO,  CA
94108-2823
US
4153522700

**Ship from:**
Michael Roche
Lathrop & Gage, L.C.
370 17th Street

Suite 4650
Denver,  CO
80202
US
7209313215

## Shipping Information
Tracking number: 798151524952
Ship date: 11/18/2009
Estimated shipping charges:

## Package Information
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 1LBS
Declared value: 0.00USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

## Billing Information
Bill transportation to: Sender
Your reference:  486708
P.O. no.:
Invoice no.:
Department no.:

Thank you for shipping online with Fedex ShipManager at fedex.com.

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

Page 2 of 2

## Detailed Results

Printable Version          Help

Enter tracking number

Track

| Detailed Results | Notifications |
|---|---|

**Tracking no.: 798151524952**                    ✉ E-mail notifications

# Delivered

Initiated   Picked up   In transit   Delivered

Delivered
Signed for by: B.QUINN

| Shipment Dates | | Destination |
|---|---|---|

Ship date ⑦  Nov 18, 2009              SAN FRANCISCO, CA
Delivery date ⑦  Nov 19, 2009 9:21 AM    Signature Proof of Delivery ⑦

## Shipment Facts                                    Help

| Service type | Standard Envelope | Delivered to | Receptionist/Front Desk |
|---|---|---|---|
| Weight | 0.5 lbs/0.2 kg | Reference | 486708 |

## Shipment Travel History                          Help

Select time zone:  Select                    Select time format: 12H | 24H

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Nov 19, 2009 9:21 AM | Delivered | SAN FRANCISCO, CA | |
| Nov 19, 2009 7:35 AM | On FedEx vehicle for delivery | SAN FRANCISCO, CA | |
| Nov 19, 2009 7:13 AM | At local FedEx facility | SAN FRANCISCO, CA | |
| Nov 19, 2009 5:03 AM | At dest sort facility | SAN FRANCISCO, CA | |
| Nov 19, 2009 3:09 AM | Departed FedEx location | MEMPHIS, TN | |
| Nov 19, 2009 12:28 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Nov 18, 2009 8:22 PM | Left FedEx origin facility | DENVER, CO | |
| Nov 18, 2009 5:50 PM | Picked up | DENVER, CO | |
| Nov 18, 2009 5:17 PM | Shipment information sent to FedEx | | |

Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and international law. All rights reserved.© 1995- 2009 FedEx

**EXHIBIT C**

1  Lincoln Bandlow (SBN 170449)
   lbandlow@lathropgage.com
2  Randy Merritt (SBN 187046)
   rmerritt@lathropgage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, California 90067
   Telephone: (310) 789-4600
5  Facsimile:  (310) 789-4601

6  Attorneys for Defendants
   POPULOUS HOLDINGS, INC.
7  and HOK GROUP, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

13

14  EXECUTIVE SECURITY MANAGEMENT,          Case No.
    INC., a California corporation, d/b/a THE APEX
15  GROUP and CONTEMPORARY SERVICES
    CORPORATION, a California corporation,
16
                                            DEFENDANT JEANETTE
17            Plaintiffs,                    JOHNSON'S JOINDER IN
                                            NOTICE OF REMOVAL OF
18            v.                             ACTION

19  JACK DAHL, an individual, JEANETTE
    JOHNSON, in her individual capacity and as
20  successor in interest to Jack Dahl, POPULOUS
    HOLDINGS, INC., a Delaware corporation,
21  formerly known as HOK Sport Venue Event,
    HOK Group, Inc., a Delaware corporation, Juan
22  Melendez, an individual, Yvette Rocha, an
    individual, and DOES 1-20, inclusive.
23
              Defendants.
24

25

26

27

28

1    Defendant Jeanette Johnson in her individual capacity and as successor in

2  interest to Jack Dahl (deceased) hereby joins in Populous Holdings, Inc.'s Notice of

3  Removal to this Court of the state court action described in the Notice of Removal.

4

5  DATED: December 16, 2009          RUTAN & TUCKER, LLP

6

7                                   By: _____

8                                        Milford W. Dahl, Jr.
                                         Attorneys for Defendants Jack Dahl
                                         and Jeanette Dahl
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

1  Lincoln Bandlow (SBN 170449)
   lbandlow@lathropgage.com
2  Randy Merritt (SBN 187046)
   rmerritt@lathropgage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, California 90067
   Telephone: (310) 789-4600
5  Facsimile:  (310) 789-4601

6  Attorneys for Defendants
   POPULOUS HOLDINGS, INC. and
7  HOK GROUP, INC.

8

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          WESTERN DIVISION

13

14  EXECUTIVE SECURITY MANAGEMENT,            Case No.
    INC., a California corporation, d/b/a THE APEX
15  GROUP and CONTEMPORARY SERVICES
    CORPORATION, a California corporation,
16

17              Plaintiffs,

18        v.                                   **DEFENDANT HOK GROUP
                                               INC.'S JOINDER IN
19  JACK DAHL, an individual, JEANETTE         NOTICE OF REMOVAL OF
    JOHNSON, in her individual capacity and as ACTION**
20  successor in interest to Jack Dahl, POPULOUS
    HOLDINGS, INC., a Delaware corporation,
21  formerly known as HOK Sport Venue Event,
    HOK Group, Inc., a Delaware corporation, Juan
22  Melendez, an individual, Yvette Rocha, an
    individual, and DOES 1-20, inclusive.
23
              Defendants.
24

25

26

27

28

1    Defendant HOK Group, Inc. hereby joins in Populous Holdings, Inc.'s Notice of

2  Removal to this Court of the state court action described in the Notice of Removal.

3

4  DATED:  December 17, 2009          LATHROP & GAGE LLP

5

6                                     By: _____

7                                          Lincoln Bandlow
                                           Attorneys for Defendants HOK Group,
8                                          Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT E**

1   Lincoln Bandlow (SBN 170449)
    lbandlow@lathropgage.com
2   Randy Merritt (SBN 187046)
    rmerritt@lathropgage.com
3   LATHROP & GAGE LLP
    1888 Century Park East, Suite 1000
4   Los Angeles, California 90067
    Telephone: (310) 789-4600
5   Facsimile:  (310) 789-4601

6   Attorneys for Defendants
    POPULOUS HOLDINGS, INC.
7   and HOK GROUP, INC.

8

9                  **UNITED STATES DISTRICT COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                       **WESTERN DIVISION**

12

13

14  EXECUTIVE SECURITY MANAGEMENT,        Case No.
    INC., a California corporation, d/b/a THE APEX
15  GROUP and CONTEMPORARY SERVICES
    CORPORATION, a California corporation,
16

17               Plaintiffs,

18                     v.                          **DEFENDANT JUAN**
                                                   **MELENDEZ'S JOINDER IN**
19  JACK DAHL, an individual, JEANETTE            **NOTICE OF REMOVAL OF**
    JOHNSON, in her individual capacity and as    **ACTION**
20  successor in interest to Jack Dahl, POPULOUS
    HOLDINGS, INC., a Delaware corporation,
21  formerly known as HOK Sport Venue Event,
    HOK Group, Inc., a Delaware corporation, Juan
22  Melendez, an individual, Yvette Rocha, an
    individual, and DOES 1-20, inclusive.
23
                 Defendants.
24

25

26

27

28

1      Defendant Juan Melendez hereby joins in Populous Holdings, Inc.'s Notice of

2 Removal to this Court of the state court action described in the Notice of Removal.

3

4 DATED:  December 16, 2009

5

6                    By: _____

7                        Yuri Voronin
                        Law Offices of Yuri Voronin

8                        Attorneys for Defendant Juan Melendez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT F**

1   Lincoln Bandlow (SBN 170449)
    lbandlow@lathropgage.com
2   Randy Merritt (SBN 187046)
    rmerritt@lathropgage.com
3   LATHROP & GAGE LLP
    1888 Century Park East, Suite 1000
4   Los Angeles, California 90067
    Telephone: (310) 789-4600
5   Facsimile: (310) 789-4601

6   Attorneys for Defendants
    POPULOUS HOLDINGS, INC.
7   and HOK GROUP, INC.

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13

| | |
|---|---|
| 14  EXECUTIVE SECURITY MANAGEMENT, INC., a California corporation, d/b/a THE APEX GROUP and CONTEMPORARY SERVICES CORPORATION, a California corporation, | Case No. |
| 17          Plaintiffs, | |
| 18              v. | **DEFENDANT YVETTE ROCHA'S JOINDER IN NOTICE OF REMOVAL OF ACTION** |
| 19  JACK DAHL, an individual, JEANETTE JOHNSON, in her individual capacity and as successor in interest to Jack Dahl, POPULOUS HOLDINGS, INC., a Delaware corporation, formerly known as HOK Sport Venue Event, HOK Group, Inc., a Delaware corporation, Juan Melendez, an individual, Yvette Rocha, an individual, and DOES 1-20, inclusive. | |
| 23          Defendants. | |

24

25

26

27

28

1     Defendant Yvette Rocha hereby joins in Populous Holdings, Inc.'s Notice of

2 Removal to this Court of the state court action described in the Notice of Removal.

3

4 DATED: December 16, 2009

5

6                           By: _____

7                               Yuri Voronin
                              Law Offices of Yuri Voronin

8                               Attorneys for Defendant Yvette Rocha

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

1  STATE OF CALIFORNIA          )
                                )  ss
2  COUNTY OF LOS ANGELES        )

3
4  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Lathrop & Gage LLP, 1888 Century Park East, Suite 1000, Los Angeles, California 90067-1623. On December 17, 2009, I served the within documents:
5  **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) & (C)**

6  I sent such document from facsimile machine (310) 789-4601 on December 17, 2009. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 789-4601 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.
7
8
9  X  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.
10

11  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

12  By placing the document(s) listed above, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.
13

14  By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.
15

16  *Ronald L. Richman*
   *C. Todd Norris*
17  *Bullivant Houser Bailey PC*
   *601 California Street, Suite 1800*
18  *San Francisco, CA 94108*

19
20  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.
21

22  I declare under penalty of perjury in accordance with the laws of the State of California that the foregoing is true and correct. Executed on December 17, 2009, at Los Angeles, California.
23

24
25                                              Shelly Ulaj
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 9273 CAS (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Executive Security Management, Inc. d/b/a The Apex Group;
Contemporary Services Corporation

**DEFENDANTS**
Jack Dahl (deceased); Jeanette Johnson, in her individual capacity and as
successor in interest to Jack Dahl; Populous Holdings, Inc.; HOK Group, Inc.;
Juan Melendez; Yvette Rocha; Does 1-20

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
Ronald Richman and C. Todd Norris of Bullivant Houser Bailey PC
601 California Street, Suite 1800, San Francisco, CA 94108
415-352-2700 (t); 415-352-2701 (f)

**Attorneys** (If Known)
See attachment

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☑ MONEY DEMANDED IN COMPLAINT: $ 1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. Sec. 1030, Violation of the Computer Fraud and Abuse Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-9273

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Executive Security - Los Angeles County<br>Contemporary Services - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Dahl and Johnson - Los Angeles County<br>Melendez - Los Angeles County<br>Rocha - Los Angeles County | Populous Holdings, Inc. and HOK Group, Inc - Delaware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 12/17/2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# ATTACHMENT

## I(b) - DEFENDANTS' ATTORNEYS

Lincoln Bandlow (SBN 170449)
lbandlow@lathropgage.com
Randy Merritt (SBN 187046)
rmerritt@lathropgage.com
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4600
Facsimile:  (310) 789-4601

Attorneys for Defendants
POPULOUS HOLDINGS,
INC. and HOK GROUP,
INC.


Milford W. Dahl, Jr. (SBN 36796)
mdahl@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:  (714) 641-5100
Facsimile:  (714) 546-9035

Attorneys for Defendants
JEANETTE JOHNSON in
her individual capacity and
as successor in interest to
JACK DAHL (deceased)


Yuri Voronin (SBN 206325)
yvoronin@lawyer.com
LAW OFFICES OF YURI VORONIN
14011 Ventura Boulevard
Suite 212W
Sherman Oaks, CA 91423
Telephone: (818) 906-9900
Facsimile: (818) 906-9904

Attorneys for Defendants
JUAN MELENDEZ and
YVETTE ROCHA

## PROOF OF SERVICE

1  STATE OF CALIFORNIA       )
                            )  ss
2  COUNTY OF LOS ANGELES    )

3
4      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Lathrop & Gage LLP, 1888 Century Park East, Suite 1000, Los Angeles, California 90067-1623. On December 17, 2009, I served the within documents:
5  **CIVIL COVER SHEET**

6      I sent such document from facsimile machine (310) 789-4601 on December 17, 2009. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 789-4601 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.
7

8
9  X    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

10
11      By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

12      By placing the document(s) listed above, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.
13

14      By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.
15

16      *Ronald L. Richman*
                            *C. Todd Norris*
17      *Bullivant Houser Bailey PC*
18      *601 California Street, Suite 1800*
                            *San Francisco, CA 94108*

19
20      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.
21

22      I declare under penalty of perjury in accordance with the laws of the State of California that the foregoing is true and correct. Executed on December 17, 2009, at Los Angeles, California.
23

24
25                              Shelly Ulaj

26
27
28